

**ORDERED in the Southern District of Florida on September 24, 2019.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:                                                          Case No.: 17-20010-MAM

SEAN RYAN BATCHELER,                            Chapter 13
    Debtor.
_____/

### MEMORANDUM OPINION AND ORDER TERMINATING STAY RELIEF

**THIS MATTER** came before the Court for hearing on June 18, 2019 at 11:00 a.m. (the "Hearing") on the *Motion for Relief From Order Granting Motion for Relief From Stay* (ECF No. 154) (the "Motion") filed by the above-captioned debtor ("Debtor") and *Creditors [sic] Opposition to Motion for Relief from Order Granting Motion for Relief From Stay* (ECF No. 160) (the "Response") filed by Ginny Davies and Christopher Garcia (collectively, "Creditors").[1]

---

[1] Although the Response does not contain an attorney's signature block, the marked difference in writing style from other pleadings filed by Creditors on a *pro se* basis strongly suggests that an

## BACKGROUND

I. <u>Related Bankruptcy Case and Adversary Proceedings</u>

The issues raised in this bankruptcy case (the "<u>Bankruptcy Case</u>") largely mirror those raised in the bankruptcy case styled as *In re Olivia Diane Soden*, Case No. 17-20013 (collectively with the Bankruptcy Case, the "<u>Bankruptcy Cases</u>").[2] Identical copies of the Motion and the Response were filed in each of the Bankruptcy Cases and Creditors have likewise asserted identical claims in each of the Bankruptcy Cases.

II. <u>California Case</u>

The dispute between Creditors, Debtor, and Olivia Diane Soden (collectively with Debtor, "<u>Debtors</u>") first came to light in the prepetition case captioned *Garcia et al. v. Mader Law Group, et al.*, Case No. CIVRS1307958 (the "<u>California Case</u>") filed in the Superior Court of California, San Bernardino County (the "<u>California Court</u>"). Creditors sought stay relief in this Court to continue litigation of the California Case against both Debtors, which this Court granted (the "<u>Stay Relief Orders</u>").[3]

The Stay Relief Orders permitted Creditors to prosecute the California Case

---

attorney participated in drafting the Response. The Court has previously admonished Michael Blue, a licensed California attorney, for practicing in this Court without complying with Local Rule 2090-1.

[2] This Order cites to documents filed in this Bankruptcy Case unless otherwise indicated. The pleadings, documents, and orders in both Bankruptcy Cases are typically identical except for very minor factual distinctions. When such distinctions are relevant, this Order cites to the document filed in the applicable bankruptcy case.

[3] The Stay Relief Orders are ECF No. 60 in the Batcheler Bankruptcy Case (Case No. 17-20010) and ECF No. 65 in the Soden Bankruptcy Case (Case No. 17-20013).

through a final, non-appealable judgment, but did not permit Creditors to execute upon any monetary amount awarded in a judgment absent further order of this Court. Pursuant to 28 U.S.C. §§ 1334(c)(1), 1334(c)(2), and 1452(b), the Court also abstained from liquidating any claims that Creditors might have against Debtors.

On January 22, 2018, the California Court entered judgment by default in the California Case in favor of Creditors and against Debtors (the "Default Judgment"). On April 12, 2018, however, the California Court vacated the Default Judgment pursuant to a Statement of Decision (the "Statement of Decision").[4] The California Court did not enter any further judgement prior to this Court's consideration of summary judgment in the Adversary Proceedings (defined herein).[5]

III. Summary and Final Judgment

Creditors pursued the factual underpinnings of the various claims that were initially asserted in the California Case through the filing of two nondischargeability adversary proceedings in this Court styled as *Garcia v. Batcheler*, Adv. Proc. No. 17-1448 and *Garcia v. Soden*, Adv. Proc. No. 17-1449 (collectively, the "Adversary Proceedings"). All parties litigated the issues in the Adversary Proceedings through discovery and extensive motion practice, which included the filing of thousands of pages of supplemental documents. The Court took all matters under advisement to consider each of the many documents filed by the parties, as well as testimony and

---

[4] The Statement of Decision may be found at ECF No. 104-6 in Adv. Proc. No. 17-1448, pp. 58-62.

[5] Procedurally, vacatur of the Default Judgment and entry of the Statement of Decision presented an unusual set of events for this Court to consider. For brevity, the Court does not repeat its prior analysis in this Order and incorporates herein all prior legal conclusions set forth in the Prior Orders (defined herein).

3

arguments presented at related hearings.

After extensive deliberation, the Court issued an oral ruling on summary judgment as well as multiple related opinions and orders (collectively, the "Prior Orders"). The Prior Orders collectively granted summary judgment in favor of Debtors on all counts in the Adversary Proceedings. Following entry of the Prior Orders, the Court granted final judgment in the Adversary Proceedings to Debtors. *See* ECF No. 136 in Adv. Proc. No. 17-1448 and ECF No. 138 in Adv. Proc. No. 17-1449 (the "Final Judgments").

IV.  Determination of Claims

Because the Prior Orders determined that the assertions in the Adversary Proceeding against Debtors lacked factual and legal merit, the Court concluded that Creditors' claims in the Bankruptcy Cases should be limited to only the amount previously upheld by the California Court as a discovery sanction (the "Discovery Sanction") against each Debtor in the California Case. At the Hearing,[6] the Court (i) disallowed multiple proofs of claim filed by Creditors based upon entry of the Final Judgments and (ii) directed Creditors to amend their remaining proofs of claim within ten days. Although Creditors amended their proofs of claim, the amended versions do not jointly assert claims in the names of both Creditors, as previously directed by the Court. The Debtor filed a limited objection to both amended proofs of claim requesting that the Court enter an order reflecting the claimants as the Creditors jointly. *See* ECF No. 175 in Case No. 17-20010 and ECF No. 178 in Case

---

[6] The Hearing covered multiple matters arising in the Bankruptcy Cases.

No. 17-20013. The Court granted the relief sought in the limited objection by orders entered on September 19, 2019. *See* ECF No. 184 in Case No. 17-20010 and ECF No. 187 in Case No. 17-20013.

## ANALYSIS AND CONCLUSIONS OF LAW

I. <u>Jurisdiction</u>

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the standing Order of Reference codified in this district as Rule 87.2 of the Local Rules for the Southern District of Florida.

II. <u>Rule 60(b) Standard</u>

In the Motion, Debtor seeks entry of an order for relief pursuant to Federal Rule of Civil Procedure 60(b)(5) or, in the alternative, pursuant to Federal Rule of Civil Procedure 60(b)(6).[7] Rule 60 of the Federal Rules of Civil Procedure ("<u>Rule 60(b)</u>") provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> …
>
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Rule 60(b). "Rule 60(b) seeks to balance the desire for finality of judgments with the

---

[7] Bankruptcy Rule 9024 incorporates Rule 60(b) and makes it applicable to this Bankruptcy Case.

desire to do justice." *Kelley v. Strasburger Enters. (In re Cody's of Lowndes County, Inc.)*, Case No. 92-70064-JTL & 94-7028-JTL, 2000 WL 33740257, at *1 (Bankr. M.D. Ga. Mar. 31, 2000) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)). Despite the importance of the finality of judgments, courts have found that it is appropriate to yield, in some circumstances, to the equities of a particular case. *Seven Elves*, 635 F.2d at 401. Courts should liberally construe Rule 60(b) when the interests of justice so require. *Id.* (internal citations omitted).

    A. Rule 60(b)(5)

Rule 60(b)(5) allows a court to vacate or terminate a prior order where the order in question continues to have prospective application. *In re Ponghui Chartier*, Case No. 6:14-bk-06563-CCJ, 2015 WL 7074294, at *1 (Bankr. M.D. Fla. Aug. 13, 2015). "Prospective" in the context of Rule 60(b)(5) means effective or operative in the future. *Griffin v. Sec'y Fla. Dept. of Corrections*, 787 F.3d 1086, 1089 (11th Cir. 2015) (quoting Black's Law Dictionary 1417 (10th ed. 2014)). Application of Rule 60(b)(5) is appropriate in ordinary civil litigation where a judgment grants continuing prospective relief, as with an injunction. *Id.* An order granting relief from the automatic stay, which is itself a statutory injunction, fits within these parameters.

In these Bankruptcy Cases and the related Adversary Proceedings, Creditors strenuously sought relief relating to the same underlying facts asserted in the California Case. Although the Court cannot and does not opine as to the merits of all causes of action asserted within the California Case (particularly as to other

litigants, including Mader Law Group ("MLG")), the Court's factual findings in the Prior Orders are final and non-appealable. Those findings of fact include a determination that neither Debtor *individually* engaged in the practice of law with respect to Creditors, as well as a determination that neither Debtor was the alter ego of MLG. These factual findings preclude the pursuit of any legal theory of liability of which the Court can conceive with respect to Creditors' asserted claims.

In light of the Court's entry of the Final Judgments in favor of Debtors, Creditors' proofs of claim in the Bankruptcy Cases are the sole method by which Creditors may collect upon any claim against Debtors based upon prepetition events. Only Claim No. 8 in Case No. 17-20010 and Claim No. 7 in Case No. 17-20013 (collectively, the "Surviving Claims") survived Debtors' objections, and therefore the Surviving Claims establish the total amount payable to Creditors in the Debtors' Bankruptcy Cases. *See* ECF Nos. 153, 168, 175 and 184 in Case No. 17-20010 and ECF Nos. 157, 171, 178 and 187 in Case No. 17-20013.

Entry of the Prior Orders, combined with Creditors' ability to seek payment of the Surviving Claims through the Chapter 13 process, creates a situation where prospective application of the Stay Relief Orders is no longer equitable. Creditors vigorously pursued all available claims in the Adversary Proceedings and had ample opportunity to seek redress. Rather than seeking to remove the California Case to this Court, Creditors elected to seek stay relief, which this Court granted. At the same time, Creditors decided to pursue nondischargeability claims in this Court based upon the same operative nucleus of facts. Ultimately, the California Court

vacated its prior decision,[8] and this Court found in favor of Debtors in the Adversary Proceedings. Creditors have now exhausted all available legal remedies in this Court.

The rationale for the Court's determination that the equities weigh in favor of granting the Motion is multi-faceted. The Court has carefully considered each of Creditors' allegations over the course of almost two years and has granted much procedural leeway to Creditors as pro se litigants.[9] Throughout the Bankruptcy Cases and Adversary Proceedings, Creditors have repeatedly and aggressively pursued meritless claims based upon tenuous facts and illogical legal arguments. The Court has no reason to believe that, despite entry of the Prior Orders and payment upon the Claims through the chapter 13 process, Creditors will not attempt to file yet another proceeding in an alternate forum. It would be both inequitable and unjust to force Debtors to defend themselves yet again against claims arising from the same operative nucleus of facts that led to the filing of the Adversary Proceedings. More importantly, the bankruptcy process, including the discharge injunction, resolves all of Creditors' prepetition claims against Debtors and precludes further litigation. *See* 11 U.S.C. §§ 1322, 1327, 1328.

Accordingly, the Court holds that immediate termination of the Stay Relief Orders is appropriate pursuant to Rule 60(b)(5) to preclude Creditors from pursuing

---

[8] The court is aware that Creditors sought an appeal of the Statement of Decision. Nothing in this Order is intended to invalidate or interfere with the proper exercise of jurisdiction over such appeal by the California appellate court.

[9] Although Creditors purport to be pursuing all claims and causes of action *pro se*, the record(s) of the Bankruptcy Cases and Adversary Proceedings are replete with instances suggesting that Creditors' counsel has assisted Creditors in violation of Local Rules.

any claims against Debtors other than the Surviving Claims allowed by this Court.

    B. Rule 60(b)(6)

Rule 60(b)(6) provides a "grand reservoir of equitable power to do justice in a particular case." *Seven Elves*, 635 F.2d at 401 (quoting *Menier v. U.S.*, 405 F.2d 245, 248 (5th Cir. 1968)). Relief under Rule 60(b)(6) is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984) (quotations omitted). Application of Rule 60(b)(6) is appropriate where no other subsection of Rule 60(b) governs and the absence of reconsideration would work an extreme and unexpected hardship. *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984); *Hall v. Alabama*, 700 F.2d 1333, 1338 (11th Cir. 1983) (citing *Klapprott v. United States,* 335 U.S. 601, 614–15 (1949)). Even with the presence of exceptional circumstances, the decision to grant relief pursuant to Rule 60(b)(6) is left to the court's sound discretion. *Shell v. Schwartz*, 357 F. App'x 250, 252 (11th Cir. 2009) (internal citation omitted).

Because the Court has previously determined that Rule 60(b)(5) applies, it is unnecessary for the Court to consider application of Rule 60(b)(6). *Hall*, 700 F.2d at 1338. However, in this instance, the Court finds that exceptional circumstances exist in these Bankruptcy Cases. As a result, the Court holds that, in the absence of application of Rule 60(b)(5), Rule 60(b)(6) would provide an equally compelling basis for relief.

The Response demonstrates that Creditors, who are proceeding *pro se*,[10] do not fully appreciate the complexity and breadth of the bankruptcy process. Although the absence of counsel alone would not typically present the type of "extraordinary circumstances" required for application of Rule 60(b)(6), the absence of counsel coupled with a repeated demonstration of miscomprehension of the fundamental goals and finality of the bankruptcy process creates a persuasive argument for relief under Rule 60(b)(6) in these Bankruptcy Cases.

The complete records of the Bankruptcy Cases show that Creditors remain convinced of the potential for a different ruling upon facts that this Court has already adjudicated with finality. This misapprehension contradicts well-established principles of collateral estoppel and res judicata. Moreover, it is unclear to the Court whether counsel for Creditors in California ("California Counsel"), to the extent that any such continuing relationship exists or may exist, appreciates the finality of this Court's rulings. Based upon Creditors' prior filings, including documents drafted with the assistance of (sometimes unnamed) counsel,[11] it is entirely possible that California Counsel has a continuing interest in pursuing further litigation in an attempt to recover fees relating to the vacated Default Judgement. However, California Counsel has not (recently) formally appeared before this Court, which prevents the Court from assessing California Counsel's understanding of the import of the Prior Orders.

---

[10] *See* footnote 1, supra.

[11] *See* footnote 1, supra.

10

Under this unique mixture of facts and circumstances, the Court concludes that, absent application of Rule 60(b)(5), Rule 60(b)(6) provides an equally viable alternative basis for relief.

III.  Section 105(a)

Section 105(a) of title 11 of the United States Code ("§ 105") provides ample statutory basis for Debtors' request for relief. Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The plain language of the statute permits a court to take any action necessary to implement the Bankruptcy Code, enforce its own orders, or prevent an abuse of process. *Id.; see also Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375 (2007) (describing the broad authority § 105(a) grants to bankruptcy judges to take any action necessary to prevent an abuse of process).

Although Creditors do not contest this Court's authority to take appropriate action under § 105(a), Creditors argue that protracted litigation in the California Court prior to the filing of Debtors' Bankruptcy Cases tips the scale of equities in favor of denying Debtors' request for relief. In essence, Creditors' assertion boils down to a rather commonplace argument: that litigation instituted prior to the commencement of the Bankruptcy Cases should "trump" the ability of this Court to

11

resolve factual disputes that were previously raised (but not resolved) in another forum. Creditors are incorrect.

First, the United States Code, Federal Rules of Bankruptcy Procedure, and Rule 87(b) of the Southern District of Florida provide this Court with jurisdiction over cases in this district arising under the Bankruptcy Code, proceedings in this district arising under the Bankruptcy Code, and disputes arising in or relating to cases in this district that are governed by the Bankruptcy Code. *See* 28 U.S.C. §§ 157 & 1334, 11 U.S.C. § 105, and Bankruptcy Rule 1001.

Second, Creditors availed themselves of this forum by filing the Adversary Proceedings and by filing numerous proofs of claim. Having submitted themselves to the jurisdiction of this Court, Creditors cannot now contest the breadth of this Court's authority simply because matters were not decided in their favor.

Third, the Stay Relief Orders permitted Creditors to pursue their claims in the California Court up through entry of final judgment. After the California Court vacated the Default Judgments and issued the Statement of Decision, this Court provided Creditors with ample time to brief the Court on the impact of the Statement of Decision, as well as any potential consequences of Creditors' failure to (i) comply with the terms of the Statement of Decision or (ii) seek a stay pending appeal of the Statement of Decision. Creditors provided the Court with no authority suggesting that the Adversary Proceedings should not proceed to finality, and the Court's own research yielded no support for this premise. Rather, the Court's research indicates

that Creditors' failure to adhere to the requirements of the Statement of Decision likely mooted any pending appeal in California.

Fourth, the time for appeal of the Prior Orders and Final Judgments has lapsed. The Court's findings and conclusions in the Prior Orders are binding and non-appealable. Although the Court can appreciate Creditors' reluctance to accept factual findings that eliminate Creditors' ability to pursue claims originally raised in the California Court, the validity and finality of the Court's findings cannot be disputed.

Finally, to the extent that Creditors contend that the Prior Orders operate as a "set aside" of the California Court's Statement of Decision, Creditors misapprehend the situation in which they now find themselves. In support of their argument, Creditors cite to a small snippet of *In re Property Management & Investments, Inc.*, 19 B.R. 202 (Bankr. M.D. Fla. 1982) ("Property Management"), a factually disparate chapter 11 case involving a state court receivership. Specifically, Creditors guide the Court to page 202 of *Property Management*, which contains language stating that a bankruptcy court may not "set aside" a prior order of another court when that order is final and non-appealable.

What Creditors fail to appreciate is that this Court did not vacate the Default Judgment; the California Court did. As a result, even if *Property Management* were binding (which it is not) and factually analogous (which it is not), the case simply does not stand for the proposition that Creditors allege it supports. The cited language merely acknowledges the well-accepted concepts of res judicata and collateral estoppel.

13

In advancing their position contesting Rule 60 relief, Creditors thus conflate the concepts of res judicata and collateral estoppel with the ability of this Court to reconsider its own judgments under Rule 60. The Motion seeks reconsideration of the Stay Relief Order, not the Default Judgment. Creditors' conflation misconstrues the law and renders any argument regarding the applicability of *Property Management* wholly meritless.

### ORDER

Accordingly, the Court, having considered all relevant pleadings and arguments, the record of this Bankruptcy Case, the record of the Adversary Proceedings, and being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that:

1. The Stay Relief Order (ECF No. 60) in this Bankruptcy Case is **TERMINATED**.
2. Termination of the Stay Relief Order is effective immediately upon entry of this Order, and the automatic stay pursuant to 11 U.S.C. § 362 is re-instated.
3. Creditors shall not pursue any prepetition claims against Debtor in any other court, and are limited to recovery of the claim allowed by this Court as Claim No. 8 (as amended) in this Bankruptcy Case.
4. The Court reserves jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

###

Copies Furnished To:

All interested parties by the Clerk of Court